# Richmond.

## A. S. J. WHEELER AND AETNA CASUALTY AND SURETY COMPANY OF HARTFORD, CONN. v. CITY SAVINGS AND LOAN CORPORATION.

March 19, 1931.

Present, Prentis, C. J., and Campbell, Holt, Epes and Hudgins, JJ.

The opinion states the case.

*Nathaniel Stuart Nelson,* for the plaintiffs in error.

*Harry L. Snead,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

The City Savings and Loan Corporation of Petersburg, Virginia, claims a lien by virtue of a recorded conditional sale contract wherein title to a Chrysler coupe, owned by W. A. Pendleton, was retained until the sum of $306.00 was paid. Subsequent to the recordation of the contract in the clerk's office of the Corporation Court of Hopewell, W. B. Nelson caused to be delivered to A. S. J. Wheeler, sergeant of the city of Hopewell, an execution issued on a judgment obtained by him against W. A. Pendleton. The sergeant levied the execution on the coupe in possession of W. A. Pendleton. The City Savings and Loan Corporation notified the sergeant of its prior

claim on the coupe and stated that it had no objection to sale under the execution provided its debt was paid out of the proceeds. A few days thereafter the execution creditor delivered to the sergeant an indemnifying bond, which bond seems to have been duly returned to the proper clerk's office. Within two weeks the coupe was sold by the sergeant under the execution. The City Savings and Loan Corporation, on the day of sale, demanded that its lien be paid by the sergeant out of the proceeds of sale, and for the first time it was informed that the execution creditor contended that the lien claimed by the City Savings and Loan Corporation was invalid. Over the protest of the City Savings and Loan Corporation the sergeant applied the entire proceeds of sale to the execution debt without giving it an opportunity to institute interpleader proceedings. The City Savings and Loan Corporation thereupon began this action against the sergeant and the surety on his official bond to recover the amount due it under the above mentioned conditional sales contract, and obtained a judgment therefor.

There are numerous assignments of error, the arguments in the briefs are somewhat confusing, but in our view of the case, it is only necessary to consider the one question, whether or not a party who claims a prior lien on personal property sold under an execution has a right to maintain an action against an officer on his official bond, if the officer has taken a proper indemnifying bond with good surety.

At common law, personal property subject to a mortgage lien could not be sold on an execution against the mortgagor because it was said the legal title was not in him. See 1 Minor's Institutes, 1018; 11 Am. & Eng. Encl. Law, 642; Burks' Pleading and Practice (2nd ed.), 641; 10 R. C. L. 1377; 23 C. J. 349; *Claytor* v. *Anthony,* 6 Rand. (27 Va.) 316; *Coutts* v. *Walker,* 2 Leigh (29 Va.) 268.

By the express terms of section 6486 (Code) it is the duty of the officer to levy on personal property notwithstanding it may be subject to a mortgage or other lien, and if the

lien is due, sell the property under the execution and pay the prior lien before applying any of the proceeds of sale to the execution debt, or, if the lien is not due, sell the property levied on subject to such lien. The officer in the instant case seems to have sold the coupe free of any liens.

After the sale the officer was between two fires. The holder of the conditional sales contract and the execution creditor each demanded that he pay them the money realized by the sale. It was not his duty to decide the merits of the claims between the contending parties. The City Savings and Loan Corporation finally modified its request by urging that the officer pay no one until the contentions could, by appropriate proceedings, be decided by the court. The execution creditor not only demanded the money, but it had indemnified the officer by giving him a bond in the penal sum of double the value of the property levied on and sold, conditioned not only to protect the officer from any damage he might sustain, but to pay any claimant of such property all damages he might sustain by reason of the seizure and sale, and to warrant and defend the title in the purchaser at the execution sale. By the sale under the execution, the security for the payment of the debt due the City Savings and Loan Corporation had been changed from an interest in specific personal property to a money demand. Under the circumstances the City Savings and Loan Corporation is barred by section 6155 from pursuing the property in the possession of the purchaser at the execution sale. By the same act, namely, the giving of a proper indemnifying bond, the execution creditor has agreed to save the officer harmless from the claims of any third party. By the failure of the execution creditor to disclose his contention, namely, that the lien claimed by the City Savings and Loan Corporation is invalid, and the action of the officer in disposing of the proceeds of sale before the claimant had the time to institute interpleader proceedings, it has had no opportunity to test the validity of its lien. It is

certainly entitled to its day in court. The question is, against whom must it proceed?

The purpose of an indemnifying bond is to relieve the officer of liability not only from the seizure and sale of property claimed by a third party, but in paying proceeds from the sale of such property to the execution creditor. The execution creditor is the interested party. He demands that the officer proceed; the sale is for his benefit. If the officer takes from him the proper indemnifying bond with ample security and then proceeds to seize, sell and pay the money received to the execution creditor, he has discharged his duties to all parties.

It is obvious that the interest of the City Savings and Loan Corporation in the coupe or its proceeds is included in the provision of that part of section 6156, which reads:

"Upon any such bond as is mentioned in this or the preceding section, an action may be prosecuted in the name of the officer for the benefit of the claimant, creditor, purchaser, or other person injured."

In the instant case no objection is raised to the form of indemnifying bond or to the sufficiency of the surety. It follows that by the express terms of section 6155 the right of the defendant in error to maintain this action against the officer is barred, and its right of action, if any, is against the obligors in the indemnifying bond.

In deciding the issue between the parties to this action, we have not passed upon the validity of the lien claimed by the City Savings and Loan Corporation. That question may arise between parties who are not now before the court. It being the duty of this court to enter such judgment as the trial court should have entered, an order will be entered here reversing the judgment complained of and dismissing the action.

*Reversed and action dismissed.*